

**The City of WORCESTER**
*City Manager Edward M. Augustus, Jr.*

Office of the City Manager
City Hall, 455 Main Street, Worcester MA 01608
P | 508-799-1175  F | 508-799-1208
citymanager@worcesterma.gov
www.worcesterma.gov

September 6, 2018
Hector Pineiro
807 Main Street
Worcester, MA 01610

RE: Public Records Request

Dear Attorney Pineiro,

    This letter is a response to your public records request regarding an incident involving ▇▇▇▇▇▇ on 9/25/2017.

    Please be advised, the requested Worcester Police Department policies are accessible online through the City of Worcester's website, at http://www.worcesterma.gov/police/about-us/policies-procedures.

    You have also requested police incident reports, internal affairs reports, and other information relative to a medical incident involving ▇▇▇▇▇▇ on 9/25/2017. MGL c. 4 § 7, Twenty-sixth (c) exempts from release as a public record "personnel and **medical files or information**; also any other materials or data relating to a specifically named individual, the **disclosure of which may constitute an unwarranted invasion of personal privacy.**"

    The police incident reports and BOPS internal affairs reports that you have requested contain personal medical information, the disclosure of which would result in an invasion of the personal privacy of the person in question. As you have specifically named the individual that is the subject of these reports, the Worcester Police Department cannot release to you redacted versions of these reports. There is no manner in which the subject's identity can be adequately protected in these documents, and therefore the public disclosure of this information would still constitute an invasion of Mr. Torres' personal privacy.

    You have also requested copies of any letters sent to Ms. Beshai notifying her of the outcome of the BOPS investigation. MGL c. 4, § 7, Twenty-sixth (c) exempts from release as a public record "personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy." In *Wakefield Teachers Assn. v. School Comm. of Wakefield,* the court held that "While the precise contours of the legislative term 'personnel [file] or information' may require case-by-case articulation, it includes, at a minimum, employment applications, employee work evaluations, **disciplinary documentation,** and promotion, demotion, or termination information pertaining to a particular employee. These constitute the core categories of personnel information that are useful in making employment decisions regarding an employee."



**The City of WORCESTER**
*City Manager Edward M. Augustus, Jr.*

**Office of the City Manager**
City Hall, 455 Main Street, Worcester MA 01608
P | 508-799-1175  F | 508-799-1208
citymanager@worcesterma.gov
www.worcesterma.gov

      Under the Massachusetts Public Records Law, while the investigation itself is subject to disclosure, the final conclusions of internal affairs investigations and any discipline that resulted from an investigation is not subject to release as a public record. Accordingly, the disposition letter is not subject to disclosure.

Sincerely,

*Joshua Martunas* (signature)

Joshua A. Martunas
Records Access Officer

# Hector Pineiro

| | |
|---|---|
| **From:** | publicrecords <publicrecords@worcesterma.gov> |
| **Sent:** | Thursday, September 06, 2018 4:00 PM |
| **To:** | Hector Pineiro |
| **Cc:** | publicrecords |
| **Subject:** | Atty. Pinerio - Public Record Request |
| **Attachments:** | Letter - Hector Pineiro 090618.pdf |

Good afternoon Attorney Pineiro,

Attached, please find the City's response to your public records request received August 22, 2018 for several documents pertaining to an incident between WPD and Lindsey Beshai and her son. If you have any questions at all, please do not hesitate to reach out again. Thank you, have a nice day.

Joshua Martunas
Staff Assistant & Records Access Officer
Office of the City Manager Edward M. Augustus, Jr.
P: 508-799-1175
F: 508-799-1208

1

## LAW OFFICE OF
# HÉCTOR E. PIÑEIRO, P.C.

**807 MAIN STREET**
**WORCESTER, MASSACHUSETTS 01610**
**(508) 770-0600**

FAX (508) 770-1300
hector@pineirolegal.com

**HÉCTOR E. PIÑEIRO**

**ROBERT A. SCOTT**

**NANCY CRUZ DE PIÑEIRO**
Business Manager

CORRESPONDENT
MARÍA S. PIÑEIRO SOLER, L.L.M.
EDIFICIO PONCE DE LEÓN
161 PONCE DE LEÓN AVE., SUITE 302
SAN JUAN, PUERTO RICO 00918
TEL: (787) 250-8304
FAX (787) 758-4236

August 14, 2018

### By Certified Mail Return Receipt Requested

The Honorable Edward M. Augustus, Jr. City Manager
Worcester City Hall
455 Main Street
Worcester, MA 01608

Steven Sargent, Police Chief
Worcester Police Department
9-11 Lincoln Street
Worcester, MA 01608

Re:   Freedom of Information Request and Public Records Request Lindsey Beshai-▮▮▮▮▮▮▮▮ Incident No 2017000102995
Date of incident 9/25/2017

Dear Mr. City Manager and Chief Sargent:

Please be advised I represent Lindsey Beshai the mother of 11-year-old autistic boy, ▮▮▮▮▮▮▮▮▮▮ who as a result of a police encounter suffered a widely displaced right medial epicondyle fracture that resulted in surgical intervention: internal fixation on September 26, 2017. I am making a formal request to you as City Manager and Conservator of the Peace in the City for the following public records pursuant to the Massachusetts Public Records Law, M.G.L. c.66, ss. 10, and 950 C.M.R. 32.08(02), and the Freedom of Information Act for the following:

The documents we seek include, but are not limited to:

1. Any incident report, daily log, summary, IDC reports or supplemental police reports submitted by any WPD officer that came in contact with ▮▮▮▮▮▮▮▮▮▮ and his mother on 9/25/2017

The Honorable Edward M. Augustus, Jr. City Manager
Steven Sargent, Police Chief
Page two
August 14, 2018

2. All supplemental police reports that have been generated in connection with this incident
3. Any WPD Policies or Guidelines regarding police interactions with disabled individuals and/or individuals with Autism existing on 9/25/2017
4. Any WPD Policies or Guidelines regarding police interactions with disabled individuals and/or individuals with Autism existing today.
5. Any WPD use of force policies that deal with detention of children
6. WPD Section 12 Policies
7. Any WPD records that reflect the Section 12 requested by officer Alers
8. A copy of the transcribed and audio interview of Ms. Lindsey Beshai by officers from the Bureau of Professional Standards
9. Copy of any transcribed interviews of any officers involved with Mr. ▇ in September 25, 2017
10. Copy of any transcribed interviews of any other percipient witness.
11. Any use of force reports prepared by the officers that came in contact with ▇ ▇
12. Any 911 calls between Ms. Torres and the Police, the police officers and the WPD dispatcher
13. An unredacted copy of the entire WPD Bureau of Professional Standards investigation conducted by the City in connection with this incident
14. Any letters sent by Chief of Police Sargent to Ms. Beshai notifying her of the outcome of the BOPS investigation.

Kindly provide these documents within 10 business days.

Sincerely, I remain.

Hector Pineiro, Esq.

Enclosures

_____
Authorized by Lindsey Beshai Mother Next Friend of ▇ ▇

---

[1] In authorizing the release of records requested by my counsel under the state and federal public records law, I Lindsey Beshai expressly waive any and all privacy or statutory concerns that I may have regarding the release of these records under federal or state law including but not limited to the Massachusetts Criminal Offender Record Information Act and common law.  LB  /dated: