UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDSEY M. BESHAI TORRES PPA of JT, a minor,<br>       Plaintiff<br><br>v.<br><br>OFFICER JOHN R. ALERS, FORMER POLICE<br>OFFICER PAUL P. MCARTHY and the CITY<br>OF WORCESTER<br>       Defendants | No. 4:20-cv-40115-TSH |

### CITY OF WORCESTER'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, City of Worcester (City), hereby responds to Plaintiff's Request for Production of Documents as follows, and as numbered in the attached documents, "CITY DOC RESP" pages 1 - 758.

Request 1

Any incident report, daily log, summary, IDC reports or supplemental police reports submitted by any WPD officer concerning contact with Jovone J. Torres or his mother on 9/25/2017.

Response 1

Objection.  The City objects to Request No. 1 on the grounds that it is vague and ambiguous. Notwithstanding and without waiving the same, see Incident Report #2017000102995, the Daily Log for September 25, 2017, and Interdepartmental Correspondence (IDC) reports attached hereto as Exhibit 1.

Request 2

All documents concerning [sic] investigation of the Plaintiff's complaint to the WPD regarding the conduct of police officers toward her son JT on September 25, 2017, including but not limited to an unredacted copy of the entire WPD Bureau of Professional Standards investigation report and conclusions and all documents reviewed in the course of investigation.

Response 2

Granted.  See Exhibits 1 and 2.

Request 3

Any WPD Policies or Guidelines regarding police interactions with disabled individuals and/or individuals with Autism existing on 9/25/2017.

Response 3

Objection. The City objects to Request 3 on the grounds that it is vague and ambiguous. Notwithstanding and without waiving the same, see Worcester Police Department Procedure No. 830, Emergency Mental Health Procedures, attached hereto as Exhibit 3.

Request 4

Any WPD policies, directives, or guidelines concerning police interactions with disabled individuals and/or individuals with Autism existing at the present time.

Response 4

Objection. The City objects to Request 4 on the grounds that it is vague, ambiguous, and overly broad in scope and in time, as the incident in the underlying lawsuit occurred on September 25, 2017. Notwithstanding and without waiving the same, see Exhibit 3.

Request 5

Any WPD policies, directives, or guidelines concerning detention or restraint of minors or the use of force on minors.

Response 5

Objection. The City objects to Request 5 on the grounds that it is vague and ambiguous and overly broad in time and scope. Notwithstanding and without waiving the same, see Worcester Police Department Procedure No. 400, Use of Force, attached hereto as Exhibit 5.

Request 6

Any WPD policies, directives, or guidelines concerning detention or restraint of children under 12 years of age or concerning the use of force on such individuals.

Response 6

Objection. The City objects to Request 6 on the grounds that it is vague and ambiguous, overly broad in time and scope and duplicative of previous requests. Notwithstanding and without waiving the same, see Exhibit 5.

Request 7

Any WPD policies, directives, or guidelines regarding restraint or involuntary hospitalization of persons pursuant to M.G.L. c. 123 § 12.

Response 7

Objection. The City objects to Request 7 on the grounds that it is vague and ambiguous. The City further objects to Request 7 on the grounds that it is overly broad in scope and time. Notwithstanding and without waiving the same, see Exhibit 3.

Request 8

Any WPD records concerning a request by Officer Alers for Section 12 authority on September 25, 2017.

Response 8

See the Application for An Authorization of Temporary Involuntary Hospitalization in Exhibit 2.

Request 9

A copy of the audio recorded interview of Ms. Lindsey Beshai with officers of the WPD the Bureau of Professional Standards, and the interview transcript.

Response 9

Granted. See the Bureau of Professional Standards interview audio recording, attached as Exhibit 9, on the attached CD. The interview transcript is provided in Exhibit 2.

Request 10

Copies of any statements, interview responses, or other communications, whether written or oral, by any officer or by any percipient witness concerning interactions between WPD officers and JT on September 25, 2017.

Response 10

Objection. The City objects to Request No. 10 on the grounds that it is vague and ambiguous. Notwithstanding and without waiving this objection, please see Exhibits 1, 2, and 9.

Request 11

Any use of force reports concerning or arising from interaction between WPD officers and JT on September 25, 2017.

Response 11

There are no documents in the City's custody, possession, or control.

Request 12

Recordings of all communications between a WPD dispatcher and the Plaintiff Lindsey M. Beshai on September 25, 2017.

Response 12

Granted.  See dispatch communication audio recording between the WPD dispatcher and Plaintiff Lindsey M. Beshai, attached as Exhibit 12, on the CD attached hereto.

Request 13

Recordings of all communications between officers and a WPD dispatcher concerning or arising from Ms. Beshai's request for assistance on September 25, 2017.

Response 13

Granted.  See dispatch communication audio recording between the WPD dispatcher and officers arising from Ms. Beshai's request for assistance on September 25, 2017, attached as Exhibit 13, on the attached CD.

Request 14

All communications between the Plaintiff and any WPD officer, including the Chief of Police, concerning the aforesaid Bureau of Professional Standards investigation.

Response 14

Granted.  See Exhibit 2.

Request 15

All documents in possession of the WPD concerning interactions of police with persons who have mental health disorders, including but not limited to all such documents used to train or inform officers and documents reviewed in planning of such training or dissemination of information.

Response 15

The City objects to Request No. 15 on the grounds that it is vague, ambiguous, overly broad in time and scope, and unduly burdensome.  The City further objects to this request on the grounds that it seeks information that is not relevant and not proportional to the needs of this case.

4

Notwithstanding and without waiving the same, please see the three presentations, "Child Trauma & Law Enforcement: What Police Officers Can Do," "Police Interaction With Persons With Mental Illness-Part II," and "What is Major Mental Illness," attached hereto as Exhibit 15.

Request 16

All documents in possession of the WPD concerning interactions of police with persons who have autism, including but not limited to all such documents used to train or inform officers and documents reviewed in planning of such training or dissemination of information.

Response 16

The City objects to Request 16 on the grounds that it is vague, ambiguous, overly broad in time and scope, and unduly burdensome. The City further objects to this request on the grounds that it seeks information that is not relevant and not proportional to the needs of this case. Notwithstanding and without waiving the same, see the Autism and Law Enforcement Education Coalition presentation, the "Law Enforcement and Autism Training" presentation, and the five slides entitled "Meltdowns" attached here as Exhibit 16.

Request 17

All documents in possession of the WPD concerning interactions of police with children under the age of 12, including but not limited to all such documents used to train or inform officers and documents reviewed in planning of such training or dissemination of information.

Response 17

The City objects to Request 17 on the grounds that it is vague, ambiguous, overly broad in time and scope, and unduly burdensome. The City further objects to this request on the grounds that it seeks information that is not relevant and not proportional to the needs of this case. Notwithstanding and without waiving the same, see Exhibits 15 and 16, as well as the presentation "Police Interacting With Youths" attached hereto as Exhibit 17.

Request 18

All records of training of Officers Paul McCarthy or John Alers by the WPD.

Response 18

Objection. The City objects to Request 18 on the grounds that it is vague and ambiguous. Notwithstanding and without waiving this objection, see Exhibits 15, 16, 17 and training certificates attached hereto as Exhibit 18. Please also see the City's answer to Plaintiff's interrogatory no. 2.

5

Request 19

The complete, unredacted personnel and disciplinary records of the WPD for officers Paul McCarthy and John Alers.

Response 19

Objection. The City objects to Request 19 on the grounds that the term "disciplinary records" is vague and ambiguous. The City further objects to the request on the grounds that it seeks information that is not relevant and not proportional to the needs of this case, in particular to the extent that the request can be construed to seek information regarding any complaints regarding the Defendant police officers' conduct, when Plaintiff's complaint alleges excessive force. The City further objects to Request 19 as it is overly broad in time and scope. The City further objects to Request 19 on the grounds that it seeks personnel records in which the officers have a privacy interest, and further object to the extent that the files, or a portion thereof are privileged and to the extent that those records contain confidential and privileged medical information. Notwithstanding and without waiving the same, and construing the request for "disciplinary records" as for documents evidencing a complaint and internal investigation regarding the officers' use of force, ten years prior to the date of the alleged incident on September 25, 2017, no information has been withheld pursuant to the objections. See in the attached Exhibit 19 a complaint received on July 20, 2013, regarding use of force by Officer McCarthy and the subsequent commander's investigation and determination. See also the personnel files of Officers McCarthy and Alers, without privileged medical records and with appropriate redactions in accordance with the above objections, attached hereto as Exhibit 19.

    CITY OF WORCESTER
    By its attorneys,

    Michael E. Traynor
    City Solicitor


    */s/ Jared J. Madison*
    Jared J. Madison (BBO# 690741)
    Wendy L. Quinn (BBO# 653954)
    Assistant City Solicitors
    City Hall, Room 301
    455 Main Street
    Worcester, MA 01608
    508-799-1161
    madisonj@worcesterma.gov
    quinnwl@worcesterma.gov

CERTIFICATE OF SERVICE

      I, Jared J. Madison, do hereby certify that on this 11th day of January, 2022, I served upon counsel for all parties the within Defendant City of Worcester's Response to Plaintiff's First Request for Production of Documents by e-mailing a copy of same, to:

Hector Pineiro, Esq.
Robert A. Scott, Esq.
hector@pineirolegal.com
robin@pineirolegal.com
Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA, 01610

John K. Vigliotti, Esq.
jvigliotti@rja-law.com
Reardon, Joyce & Akerson, P.C.
4 Lancaster Ter.
Worcester, MA  01609

                                    */s/ Jared J. Madison*
                                    Jared J. Madison
                                    Assistant City Solicitor